NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID JAMES WARD, | : |
| Petitioner, | : Civil Action No. 08-889 (WHW) |
| v. | : |
| UNITED STATES OF AMERICA, | : **OPINION** |
| Respondent. | : |

**Walls, Senior District Judge**

Petitioner David James Ward, a federal prisoner, has submitted a petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 2255, Petitioner's petition is denied because it is untimely.

**FACTS AND PROCEDURAL BACKGROUND**

On July 10, 1996, Petitioner David James Ward pled guilty to kidnapping and transporting his victim interstate under 18 U.S.C. § 1201. (Mins. of Hearing (No. 14 (96-61)); Plea Agmt. (No. 15 (96-61)).) On January 7, 1997, Petitioner was sentenced to 720 months in federal prison. (Mins. of Hearing (No. 27 (96-61)); Judgment (No. 28 (96-61)).) The Third Circuit affirmed the judgment pertaining to Petitioner's prison sentence on November 17, 1997. (Judgment of USCA (No. 33 (96-61)).) To date, Petitioner has not filed a petition for certiorari to the Supreme Court.

On February 19, 2008, Petitioner filed this petition for a writ of habeas corpus. (Petition for Writ of Habeas Corpus (No. 1-2 (08-889)) ("Petition").) Petitioner argues that his detention

1

NOT FOR PUBLICATION

is unconstitutional because he did not knowingly and voluntarily enter his guilty plea and because he had ineffective assistance of counsel. (Mem. in Support of Petition (No. 1-3 (08-889)).) Respondent, the United States of America, has not responded to Petitioner's petition.

## DISCUSSION

Petitioner David James Ward claims a right to a writ of habeas corpus "pursuant to Article 3, Section 2, Clause 9, of the United States Constitution and the First Judiciary Act of 1789." (Petition ¶ 1.) According to the Supreme Court, "[f]ederal courts have been authorized to issue writs of habeas corpus since the enactment of the Judiciary Act of 1789, and [28 U.S.C.] § 2241 . . . provides that federal judges may grant the writ of habeas corpus." INS v. St. Cyr, 533 U.S. 289, 305 (2001). "In fact, § 2241 descends directly from § 14 of the Judiciary Act of 1789." Id. at 305 n.25. The Third Circuit has noted, however, that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the United States." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Unlike § 2241, which imposes no limitations period for petitioning for habeas corpus, see § 2241(a), § 2255 imposes a one-year limitations period, see § 2255(f).

1.  **Applicability of Section 2241**

A federal prisoner challenging the constitutionality of his sentence may only file for habeas corpus under § 2241, as opposed to § 2255, if he can show that relief under § 2255 is "inadequate or ineffective" to challenge the legality of his detention. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). As the Third Circuit has explained, "[a] § 2255 motion would be

**NOT FOR PUBLICATION**

inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Okereke, 307 F.3d at 120.  In re Dorsainvil provided an example where § 2255 was "inadequate or ineffective" because "a prisoner . . . had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law . . . negate[d]." 119 F.3d at 251.  However, "section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Petitioner has not demonstrated in any manner how § 2255 is "inadequate or ineffective" to challenge his detention.  A motion under § 2255 is the appropriate means to challenge the constitutionality of his detention based on ineffective assistance of counsel and failure to deliver a voluntary and knowing plea.  See, e.g., D'Amario v. United States, No. 07-1313, 2008 U.S. Dist. LEXIS 23464, at *4, 11 (D.N.J. Mar. 24, 2008) (holding that § 2255, not § 2241, is appropriate means to challenge sentence based on claim of ineffective assistance of counsel, among other grounds); Milligan v. Samuels, No. 06-1361, 2006 U.S. Dist. LEXIS 25619, at *4-5 (D.N.J. May 2, 2006) (holding that § 2255, not § 2241, is appropriate means to challenge sentence based on claim of lack of voluntary and knowing plea).  Accordingly, the Court will evaluate Petitioner's petition pursuant to § 2255.

    2.    **Analysis Under Section 2255**

As stated above, § 2255 imposes a one-year period of limitations.  The limitations period

**NOT FOR PUBLICATION**

begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Petitioner has provided no indication that the latter three of these events are applicable to this case. As such, the Court will use "the date on which the judgment of conviction becomes final" to determine the expiration date of the period of limitations.

"'[A] judgment of conviction' becomes final within the meaning of § 2255 on the latter of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). A petitioner has 90 days from the date that the Court of Appeals affirms his conviction to file a petition for certiorari to the Supreme Court. 28 U.S.C. § 2101(c). In this case, Petitioner did not file a petition for certiorari and his time to do so expired on February 15, 1998 – 90 days after the Third Circuit affirmed his prison sentence on November 17, 1997. Because the judgment of conviction became final within the meaning of § 2255 on February 15, 1998, the one-year period of limitations expired on February 15, 1999. Petitioner filed for habeas

**NOT FOR PUBLICATION**

corpus on February 18, 2008, which is well after the expiration of the period of limitations.  As a result, his petition is denied because it is untimely.

## CONCLUSION

For the foregoing reasons, Petitioner David James Ward's petition for a writ of habeas corpus (No. 1 (08-889)) is denied.


June 27, 2008                                           s/William H. Walls
                                                        United States Senior District Judge